**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Hazem Mostafa,**

      **Plaintiff,**

**v.**                                **Case No.**

**Arrow Electronics, Inc.,**

      **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **Hazem Mostafa** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Arrow Electronics, Inc.,** ("Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages, declaratory relief, and injunctive relief arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA")

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

## PARTIES

4.      Plaintiff is a resident of Hillsborough County, Florida.

5.      Defendant, Arrow Electronics, Inc., is a foreign corporation authorized to do business in the State of Florida and is an "employer" within the meaning of Title VII and the FCRA. At all relevant times, Defendant employed more than fifteen (15) employees.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent.

7.      Plaintiff timely filed a Charge of Discrimination with the EEOC and received a Notice of Right to Sue. This action is filed within 90 days of receipt.

8.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9.      Plaintiff requests a jury trial for all issues so triable.

10.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

11.      At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

12.      At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

2

13. Plaintiff was employed by Defendant from January 2023, until his unlawful termination on or around August 6, 2024.

14. At the time of his separation, Plaintiff held the position of Field Applications Engineer.

15. As Defendant is aware, Plaintiff is Middle Eastern / North African, Egyptian by national origin, and Muslim by religion. Plaintiff is a member of multiple protected classes under Title VII and the FCRA.

16. Plaintiff was qualified for the position and successfully performed his job duties during his employment.

17. Plaintiff was the only non-White and Muslim employee on his team, including among the Florida-based Field Applications Engineers and his managers.

18. Throughout his employment, Plaintiff was subjected to disparate treatment by his General Manager, Richard Lynn (white male), Engineering Manager, Danny Newman (white male) and Bettymar Gomez, Sales Manager (Latin Female) (Collectively "Managers").

19. Additionally, Plaintiff's Managers, were all non-Muslim.

20. Defendant's Managers subjected Plaintiff to heightened scrutiny, nitpicked his work, and disciplined him for alleged performance issues for which similarly situated non-protected employees were not disciplined.

21. Specifically, Defendant's Managers did not subject the other Florida based Field Application Engineers ("FAE"), Perry Decker, Brian Defoe, and Carl

3

Blow, all of whom are white and were not subjected to scrutiny or discipline as Plaintiff was.

22.     Plaintiff's comparators, including Perry Decker, Brian Defoe, and Carl Blow, held the same Field Applications Engineer position, reported to the same decisionmakers, and were subject to the same performance standards, yet were not placed on a PIP or terminated for similar or more severe conduct.

23.     In or around May 2024, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP"). The PIP relied on metrics that were outside of Plaintiff's control, including customer meeting counts driven by the sales team and collaborative design-win metrics.

24.     Plaintiff credibly disputed the PIP, explained why the metrics were inaccurate and unattainable, and documented systemic issues, including technical problems with required software applications, that impacted the alleged performance metrics.

25.     Immediately thereafter, On or about May 21, 2024, Plaintiff engaged in protected activity by submitting a formal complaint to Defendant's Human Resources Department complaining about the discrimination based on race, ethnicity, religion, and national origin.

26.     Again, on June 11, 2024, Plaintiff sent a detailed complaint to Human Resources by commenting on each allegation against him in the PIP he received from Danny Newman.

27.     Following Plaintiff's protected complaint, Defendant escalated its scrutiny and disciplinary actions against him, culminating in his termination, thereby establishing a causal connection between his protected activity and the adverse action.

28.     Specifically, that he was being subject to performance discipline that was not used to measure the other 3 FAE, all of whom are white and non-Muslim.

29.     Notably the person disciplining Plaintiff, Danny Newman is white as well.

30.     Despite Plaintiff's very direct and well-documented complaints of disparate treatment regarding his race, ethnicity, national origin and religion, Defendant failed to take any action to investigate or address his complaints.

31.     In fact, Defendant failed to conduct a meaningful investigation, failed to interview Plaintiff, and failed to take any remedial action.

32.     Instead, Defendant escalated its efforts to terminate Plaintiff and treated the PIP as a pretextual mechanism to justify a predetermined outcome.

33.     Plaintiff's complaints of discrimination were communicated to Defendant's Human Resources and subsequently relayed to the relevant decisionmakers, including his direct Managers, prior to the decision to terminate his employment.

34.     On or about August 6, 2024, Defendant terminated Plaintiff's employment under pretext.

35. Plaintiff had no prior disciplinary history and met or exceeded legitimate performance expectations when evaluated under fair and nondiscriminatory standards.

36. Defendant's stated reasons for Plaintiff's termination were false and pretextual.

37. Defendant terminated Plaintiff because of his race, religion, and national origin, and in retaliation for his protected complaint.

38. Plaintiff was subject to materially adverse employment action by Defendant.

39. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under Title VII and the FCRA.

40. Defendant treated Plaintiff less favorably than his similarly situated colleagues with regard to how company policies are applied.

<u>**COUNT I —TITLE VII VIOLATION**</u>
**(RACE DISCRIMINATION)**

41. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. Plaintiff is a member of a protected class under Title VII due to his race.

43. Plaintiff was subjected to disparate treatment due to his race.

44. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

45.    Defendant's actions were willful and done with malice.

46.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II —TITLE VII VIOLATION
### (NATIONAL ORIGIN DISCRIMINATION)

47.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

48.    Plaintiff is a member of a protected class under Title VII due to his

7

national origin.

49.    Plaintiff was subjected to disparate treatment due to his national origin.

50.    Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

51.    Defendant's actions were willful and done with malice.

52.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

8

## COUNT III —TITLE VII VIOLATION
## (RELIGIOUS DISCRIMINATION)

53. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

54. Plaintiff is a member of a protected class under Title VII due to his religion.

55. Plaintiff was subjected to disparate treatment due to his religion.

56. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

57. Defendant's actions were willful and done with malice.

58. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

9

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## <u>COUNT IV — TITLE VII RETALIATION</u>

59. Plaintiff realleges and readopts the allegations of paragraphs 1 through 40 of this Complaint, as though fully set forth herein.

60. Plaintiff is a member of a protected class under Title VII.

61. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

62. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

63. Defendant has taken material adverse action against Plaintiff.

64. Defendant's actions were willful and done with malice.

65. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

10

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under Title VII;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION (RACE DISCRIMINATION)

66.    Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

67.    Plaintiff is a member of a protected class under the FCRA due to his race.

68.    Plaintiff was subjected to disparate treatment on account of his race.

69.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

70.    Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a)   Enter a judgment that Defendant discriminated against Plaintiff because of his race under the FCRA;

(b)   Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c)   Award back pay to Plaintiff plus interest and all benefits;

(d)   Award reasonable attorney's fees and costs to Plaintiff; and

(e)   Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT VI – FCRA VIOLATION (NATIONAL ORIGIN DISCRIMINATION)

71.   Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

72.   Plaintiff is a member of a protected class under the FCRA due to his national origin.

73.   Plaintiff was subjected to disparate treatment on account of his national origin.

74.   Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

75.   Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a)     Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b)     Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c)     Award back pay to Plaintiff plus interest and all benefits;

(d)     Award reasonable attorney's fees and costs to Plaintiff; and Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT VII – FCRA VIOLATION (RELIGIOUS DISCRIMINATION)

76.     Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

77.     Plaintiff is a member of a protected class under the FCRA due to his religion.

78.     Plaintiff was subjected to disparate treatment on account of his religion.

79.     Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

80.     Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant discriminated against Plaintiff because his religion under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award reasonable attorney's fees and costs to Plaintiff; and

Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT VIII – FCRA RETALIATION

81.    Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 40 of this Complaint as though fully set forth herein.

82.    Plaintiff is a member of a protected class under the FCRA.

83.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

84.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

85.    Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

14

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 7th day of April 2026.

Respectfully submitted,

/s/ Chad A. Justice
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**

15